UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICARDO DIAZ-GRANADOS and
MARIA DIAZ-GRANADOS,

    Plaintiffs,

v.                                            Case No:   6:14-cv-1953-Orl-28TBS

WRIGHT MEDICAL TECHNOLOGY,
INC.,

    Defendant.

## ORDER

This case comes before the Court on Plaintiff's Motion to Seal (Doc. 94).   For the reasons that follow, the motion is due to be denied.

As part of a right total hip arthroplasty, a Profemur® long neck, Plasma Z Stem and Conserve® Total Femoral Head and Plus Cup manufactured by Defendant were implanted in Plaintiff (Doc. 29, ¶¶ 72, 82-83, 87).   Seven years later, the neck component of Plaintiff's hip implant fractured (Id., ¶ 85).   Plaintiff brings this lawsuit alleging the defective design of Defendant's product, failure to warn, negligence, and loss of consortium (Id.).

The parties entered into a Stipulated Confidentiality Agreement, whereby they could mark as "CONFIDENTIAL" information produced in discovery (Doc. 94-1). Pursuant to the agreement, access to information marked "CONFIDENTIAL" is restricted (Id.).   The agreement provides that the "parties shall comply with Local Rule 1.09[1] of the

---

[1] Rule 1.09 provides:

    (a)  Unless filing under seal is authorized by statute, rule, or order, a party seeking to  file under seal any paper or other matter in any civil case shall

United States District Court for the Middle District of Florida when filing motions to seal and when filing Confidential Information under seal." (Id., at 5).  Plaintiff is asking the Court to seal the transcripts of the depositions of 12 current and former employees of Defendant (Doc. 94 at 1-2).  The transcripts have been submitted to the Court in

---

file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.  The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.  No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or protection of non-parties without either the opportunity or ability to protect themselves.  Every order sealing any item pursuant this section shall state the particular reason the seal is required.

(b)  If filing under seal is authorized by statute, rule, or order (including an order requiring or permitting a seal and obtained pursuant to (a) of this rule), a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal Pursuant to [Statute, Rule, or Order]" and which includes (i) a citation to the statute, rule, or order authorizing the seal; (ii) an identification and description of each item submitted for sealing; (iii) a statement of the proposed duration of the seal; and (iv) a statement establishing that the items submitted for sealing are within the identified statute, rule, or order the movant cites as authorizing the seal.  The movant shall submit to the Clerk along with a motion under this section each item proposed for sealing.  Every order sealing any item pursuant to this section shall state the particular reason the seal is required and shall identify the statute, rule, or order authorizing the seal.

(c)  Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year, although a seal is renewable by a motion that complies with (b) of this rule, identifies the expiration of the seal, and is filed before the expiration of the seal.

(d)  The Clerk shall return to the movant any matter for which sealing is denied.

connection with a motion for summary judgment, motions to exclude expert witness testimony, and motions in limine (Id. at 2).

The only reason Plaintiff filed the motion for protective order is to comply with the parties' confidentiality agreement (Id. at 3). Plaintiff asserts that he "is without sufficient information to determine whether Defendant holds the information contained in the depositions identified above as confidential, proprietary, secret, competitive, or potentially invasive of an individual's privacy right." (Id.). In its response to the motion, Defendant says it

> concurs with Plaintiff's Motion to Seal the several deposition transcripts of [Defendant's] employees. Those employees offered testimony as to confidential testing data, studies, sales data, and other information not publicly available. Further, employees discussed and testified regarding design and manufacturing records that, if made publicly available, would harm [Defendant]. Finally, the portions of the transcripts relevant to the motion for summary judgement have been separately submitted, unsealed, and are part of the summary judgment record. Thus, the deposition transcripts are merely discovery materials and good cause exists for sealing them. See Chicago Tribune Co. v. Bridgestone Ford/Firestone, Inc., 263 F.3d 1304 (11th Cir. 2001).

(Doc. 114 at 1).

"The filing of documents under seal is disfavored by the Court." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, (11th Cir. 1992). While the parties to a lawsuit "have protectable privacy interests in confidential information disclosed through discovery," once the information becomes a judicial record or public document, the public has a common-law right to inspect and copy the information. In re Alexander Grant & Co.

- 3 -

Litigation, 820 F.2d 352, 355 (11th Cir. 1987). "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., No. Civ. 1:96-cv-3052-WCO, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist." Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985).

Unlike information in the public record, there is no common-law right of access to discovery material. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). Defendant argues that is precisely what the deposition transcripts are, and therefore, they are appropriately sealed. Contrary to Defendant's argument, the transcripts ceased to be only discovery when they were filed in connection with a dispositive motion and other motions that will determine the admissibility of evidence at trial. "A motion that is 'presented to the court to invoke its powers or affect its decisions,' whether or not characterized as dispositive, is subject to the public right of access." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)). See also Chicago Tribune Co., 263 F.3d at 1312 ("The better rule is that material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right, and we so hold.").

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person form annoyance, embarrassment, oppression, or undue burden or expense …").  "'Good cause' is a well established legal phrase.  Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action."  In re Alexander Grant & Co. Litigation, 820 F.2d at 356.  Factors a court may consider in determining the existence of good cause include: "(1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order."  Id. (quoting Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1205 (11th Cir. 1985).

The Eleventh Circuit has "superimposed a somewhat more demanding balancing or interests approach to the" good cause requirement in Rule 26(c).  Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985).  This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality.  "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other facts, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents."  Romero, 480 F.3d at 1246.

Defendant asserts that the deposition transcripts contain confidential and proprietary business information.  "Where the proponent of the protective order contends that the materials at issue contain trade secrets, for example, the court must first determine whether such assertion is true."  Estate of Martin Luther King, Jr., Inc., 184 F. Supp. 2d at 1366.   Before material will be considered trade secrets, the party seeking protection must first show that it has "consistently treated the information as closely guarded secrets, that the information represents substantial value to [the party], that it would be valuable to [the party's] competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination."  Chicago Tribune Co., 263 F.3d at 1313-14.  Defendant has not presented any evidence to support its general claim that the information in the deposition transcripts is confidential.   Consequently, the good cause requirement has not been satisfied and the motion to seal is **DENIED**.   Even if Defendant had shown good cause, the Court would not seal the entire deposition transcripts.   Only information worthy of protection would be sealed.   The transcripts, with appropriate redactions, would still have to be filed as part of the public record.

**DONE** and **ORDERED** in Orlando, Florida on March 21, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record